IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARDO OLIVERA,

                 Plaintiff,                         ORDER

    v.

                                         22-cv-184-wmc

FESTIVAL FUN PARKS LLC, d/b/a
Noah's Art Water Park,

                 Defendant.

---

In his amended complaint, plaintiff Edwardo Olivera asserts a negligence claim against defendant Festival Fun Parks, LLC, d/b/a Noah's Ark Water Park.  (Am. Compl. (dkt. #9).)  In his original complaint, plaintiff named Palace Entertainment, Inc., as the defendant, but he apparently corrects the name of the defendant in the amended complaint.  In both complaints, plaintiff that this court may exercise diversity jurisdiction to decide this state law claim pursuant to 28 U.S.C. § 1332(a)(1).  (Compl. (dkt. #1) ¶ 3; Am. Compl. (dkt. #9) ¶ 3.)  Plaintiff's allegations as to the citizenship of the defendant named in the amended complaint, however, are insufficient to determine whether diversity jurisdiction actually exists.  As such, plaintiff will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction, but, if he fails to do so by the deadline provided, the court will dismiss this case for lack of subject matter jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse.  (Am. Compl. (dkt. #9) ¶ 3.) But for the latter to be true, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant.  *Smart*, 562 F.3d at 803.  Since "the citizenship of an LLC is the citizenship of each of its members," plaintiff has not alleged sufficient information to determine whether complete diversity exists here.  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Indeed, plaintiff's complaint lacks *any* allegations regarding the names or the citizenship of any of the defendant LLC's members.

Instead, plaintiff alleges that Festival Fun Parks, LLC, is a "Delaware Corporation with its principal office located in West Homestead, Pennsylvania."  (Am. Compl. (dkt. #9) ¶ 2.)  Defendant, however, is *not* a corporation, and the Seventh Circuit further

2

instructs that the state of incorporation and principal place of business of a limited liability company is wholly irrelevant in deciding its citizenship.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well.  *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until June 3, 2022, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2)  failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 20th day of May, 2022.

BY THE COURT:


/s/

_____

WILLIAM M. CONLEY
District Judge

4